

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 18, 1939

Hon. George Van Fleet, Actuary
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-661
Re: Securities required by Art. 4983,
R. C. S. of Texas 1925, may not
be endorsed or stamped as provided
for in Art. 2530, R. C. S. of Texas,
1925.

This will acknowledge receipt of your letter
of April 19, 1939, in which you request the opinion of
this department on the question therein presented. For
the purpose of correctly stating your inquiry we here
set out the pertinent parts of your letter:

"The Second National Bank of Houston,
Texas, has on deposit with the State Trea-
surer $50,000 in securities, which deposit
has beenmade under Articles 4982 to 4986,
Revised Civil Statutes of 1925. The deposit
consists of 5 Consolidated Federal Land Bank
3% Bonds, each for $10,000. The Bank has
requested to know whether or not, if they
elect to do so, they may have their bonds
endorsed or stamped, as provided in Article
2530, Revised Civil Statutes of 1925.

"Your opinion is respectfully requested
as to whether or not the securities in ques-
tion, which are deposited in accordance with
the articles referred to, may be endorsed or
stamped as provided for in Article 2530, Chap-
ter 1, Title 47, Revised Civil Statutes of 1925."

Articles 4982 to 4986, both inclusive, con-
stitute Section 2, Chapter 16, Title 78, Revised
Civil Statutes of Texas 1925, and deal with insurance
companies and the right of certain type organizations
therein described to assume and exercise additional
powers and privileges permitted thereby.

The $50,000.00 in securities deposited with
the state treasurer by the Second National Bank of
Houston, Texas, were deposited in accordance with the
requirement of Article 4983, Revised Civil Statutes,
for the purpose of enabling such bank to qualify to
exercise the additional rights and privileges afforded
by Article 4982, Revised Civil Statutes.

Paragraph (3) of Article 2530, Revised Civil
Statutes of Texas 1925, reads in part as follows:

> "Any bank making deposits of bonds or
> other securities with the treasurer
> under the provisions of this act may
> cause such bonds or other securities
> to be endorsed or stamped, as they may
> deem proper, so as to show that they
> are deposited as collateral and not
> transferable, except as herein provided."

It is to be noted that it is specifically pro-
vided that the act of endorsing or stamping securities
is limited to a bank making deposits "under the provisions
of this act."

Article 2530, above quoted from, is a part of
Chapter 1, Title 47, dealing with state depositories. It
is apparent therefore, that the phrase "under the pro-
visions of this act" has reference only to Title 47, Re-
vised Civil Statutes, dealing with depositories and has
no connection with Section 2, Chapter 16, Title 78,
Revised Civil Statutes of Texas.

It is therefore the opinion of this department

Hon. George Van Fleet, May 18, 1939, Page 3

and you are so advised that the provisions for endorsing or stamping bonds contained in Article 2530, supra, have no application to the securities required by Article 4983, supra, and that the Second National Bank of Houston, Texas, will not be privileged to avail itself of such right.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

(signed)  Lloyd Armstrong

By

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

(signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS